UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ACD DIRECT, INC.,

        *Plaintiff*,

  -against-

PACIFICA FOUNDATOIN, INC. and PACIFICA FOUNDATION, INC. d/b/a WBAI-FM,

        *Defendants*.

24-CV-1040 (ARR) (MMH)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

On February 9, 2024, defendants removed this state court case, originally filed in Utah state court, to the United States District Court for the Eastern District of New York. Notice of Removal, ECF No. 1. Magistrate Judge Marcia M. Henry subsequently issued an order to show cause as to why the case should not be remanded, Docket Entry Dated February 26, 2024, and defendants responded by conceding that removal to this district court was improper, Letter Dated March 12, 2024, ECF No. 4. Plaintiff then filed a motion to remand the case to Utah state court. Mot. Remand, ECF No. 5.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis added). Here, the action was originally filed in the Second Judicial District Court, Davis County, State of Utah. Compl. 1, ECF No. 1-1. The federal district court embracing this proceeding is the United States District Court for the District of Utah. Removal to the Eastern District of New York was therefore improper, and defendants do not contend otherwise. *See* Letter Dated March 12, 2024.

Generally, "the remedy for an inappropriate removal under Section 1441(a) is transfer to the correct federal court." *Moore v. Moore*, No. 23-CV-7334 (SJB), 2023 WL 7184053, at *2 (E.D.N.Y. Nov. 1, 2023); *see also* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Mortensen v. Wheel Horse Prod., Inc.*, 772 F. Supp. 85, 90–91 (N.D.N.Y. 1991) (transferring an action that was removed to the wrong district court to the proper federal court rather than remanding to state court); *Lee-Jordan v. Allstate Indem. Co.*, No. 18-CV-761, 2018 WL 11224602, at *1 (N.D.N.Y. July 25, 2018) (same). This is particularly so when the party opposing removal does not dispute that the district court embracing the place where the action was originally filed would have subject matter jurisdiction based on diversity of citizenship. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994); *MBL Life Assur. Corp. v. Lampert Plans, Inc.*, No. 96-CV-3832, 1996 WL 494900, at *1 (S.D.N.Y. Aug. 30, 1996). Here, plaintiff does not argue that subject matter jurisdiction would be lacking in the United States District Court for the District of Utah, and there is no reason for me to conclude otherwise from the complaint. *See* Mot. Remand.; Compl. ¶¶ 1–3 (stating that plaintiff is a Utah corporation and defendants have their principal places of business in California); Notice of Removal ¶ 2 (stating that the amount in controversy exceeds $75,000); 28 U.S.C. § 1332.

The Clerk of Court is therefore respectfully directed to transfer this case to the District of Utah. Plaintiff's motion to remand is DENIED without prejudice to its renewal before the proper district court.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:   April 16, 2024
         Brooklyn, New York